## Wilhelmine Zerulla v. Supreme Lodge Order of Mutual Protection.

### Gen. No. 11,488.

1. SUICIDE—*when, no defense to action upon benefit certificate.* The decision in this case is controlled by Seitzinger v. Modern Woodmen, 204 Ill. 58.

Action of assumpsit on benefit certificate. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Affirmed. Opinion filed February 10, 1905.

**Statement by the Court.** Appellee issued to Wilhelm Jordan a death benefit certificate, whereby it agreed to pay to appellant, the sister of Jordan, at his death one half of the amount of one assessment, not to exceed one thousand dollars. The certificate in terms stated that it was issued upon the faith of the warranties and statements made by

192    APPELLATE COURTS OF ILLINOIS.

VOL. 118.] Zerulla v. Supreme Lodge Order of Mutual Protection.

Jordan in his application, and upon the express condition that the right of the beneficiary shall be determined by the charter, constitution, by-laws, etc., of the order in force at the time the sum due thereunder is payable. In his written application to appellee, Jordan, among other things, agreed as follows:

"I further agree that should my disability or death be caused by or result directly or indirectly from    *    *    * or by my own suicidal act, sane or insane, then in such case or cases neither myself nor any of my beneficiaries shall be entitled to participate in the Widows' and Orphans' Protection Fund, or have any claim of whatsoever kind or nature against any department of the Order of Mutual Protection."

The by-laws in force at the time of Jordan's death provide that no liability should exist against the Supreme Lodge, and no death benefit should be paid on account of the death of a member, "If the death was due to the voluntary or involuntary act of the deceased member whether he was at the time sane or insane."

The trial resulted in a verdict and judgment for the defendant and the plaintiff appeals.

WILLIAM SCHREIDER, for appellant.

CRATTY BROS., JARVIS & LATIMER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

The evidence shows that Jordan took his own life by hanging. This is not disputed. In the brief of appellant it is said: "It cannot be controverted, and will probably be admitted, that Wilhelm Jordan was insane at the time of his suicide."

The contention of appellant is, that if Jordan at the time he took his own life was by reason of his insanity "unconscious of the act, or the physical effect thereof, or was driven to the commission of the deed by an insane impulse which he had not the power to resist, appellant was entitled to recover."

The case of Seitzinger v. The Modern Woodmen, 204 Ill. 58, is conclusive against this contention. It was in that case decided that a clause in a life policy providing against liability if the insured " shall die by his own hand whether sane or insane" is a complete exemption from liability in case of suicide by the insured, notwithstanding he was wholly insane and totally incapable of understanding the physical nature and effect of his act.

Under the decision in the case cited there can never be a recovery in this case, and it is not therefore material to inquire whether errors in procedure appear in the record before us.

Upon the authority of the Seitzinger case the judgment of the Circuit Court will be affirmed.

*Affirmed.*